IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAWRENCE G. STEWART           )
                              )
        Petitioner,          )
                              )
v.                            )   No. CIV 12-321-FHS-KEW
                              )
DAVID PARKER, Warden,         )
                              )
        Respondent.          )

**OPINION AND ORDER**

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Center in Helena, Oklahoma, is challenging his conviction in Pontotoc County District Court Case No. CF-2009-49 for two counts of Lewd Molestation (Counts 1 and 2), First Degree Rape by Instrumentation (Count 3), Forcible Oral Sodomy (Count 4), and First Degree Rape (Count 6). He sets forth the following four grounds for relief:

> Count I: Petitioner was denied the effective assistance of trial counsel, when his attorney chose to rely on the prosecution's expert witness.
>
> Count II: Petitioner was denied conflict-free counsel, when his trial attorney lied to him about needing $5,000.00 to hire an investigator.
>
> Count III: Trial counsel was ineffective in failing to elicit testimony during cross-examination that petitioner was not interviewed, because counsel had advised him not to speak to the authorities without counsel present.
>
> Count IV: Trial counsel was ineffective in eliciting from petitioner testimony about his prior bad acts.

The respondent alleges petitioner has failed to exhaust the state court remedies for his claims. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In

federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The record shows that petitioner filed an appeal of his conviction, raising the issue of ineffective assistance of counsel as follows:

> Appellant denied that he ever sexually abused [the victim]. Witness credibility, as between [the victim] and Appellant, was the key to this case. Therefore, it was deficient and prejudicial performance for trial counsel to elicit multiple inadmissible prior convictions and bad acts from Appellant during his direct examination, to fail to adequately prepare Appellant for these inquiries, and to then elicit unnecessary testimony touching on Appellant's post-arrest silence, all thereby opening the door to devastating impeachment during cross-examination on matters the State could not otherwise have explored. It was further deficient and prejudicial performance to agree to an instruction which allowed Appellant's jury to consider all the evidence in judging his credibility.

[Docket No. 8-1 at 17]. The Oklahoma Court of Criminal Appeals denied relief on this claim in *Stewart v. State*, No. F-2010-615, slip op. at 2-3 (Okla. Crim. App. Sept. 1, 2011).

It is clear from the record that petitioner exhausted Grounds III and IV of this petition, but he has not exhausted Grounds I and II by raising those claims on direct appeal or in an application for post-conviction relief. Petitioner has filed a "mixed" petition with both exhausted and unexhausted claims. The respondent asserts petitioner must present his unexhausted habeas claims to the trial court in an application for post-conviction relief, pursuant to Okla. Stat. tit. 22, § 1080. If he is denied relief, he may appeal to the Oklahoma Court of Criminal Appeals, and if the denial is affirmed, he then may present the claims in

a federal habeas petition.

A district court has two options when faced with a "mixed" petition containing both exhausted and unexhausted claims. One option is to require the petitioner to exhaust all his claims in state court before bringing the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (instructing a district court to dismiss without prejudice and allow the petitioner to refile once the claims are exhausted); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (if a court is concerned about the prisoner's meeting the one-year filing requirement of 28 U.S.C. § 2244(d), and if "there was good cause for the petitioner's failure to exhaust his claims first in state court," the court can decline to dismiss the matter and issue a stay and abeyance of the petition, while the petitioner exhausts his state court remedies). The second option is to deny the entire petition on the merits, notwithstanding failure to exhaust, if the court is convinced the unexhausted claim is without merit, or that the issue is easily resolvable against the petitioner. *See* 28 U.S.C. § 2254(b)(2).

After careful review, the court finds a stay and abeyance is not warranted, because petitioner has not shown good cause for his failure to exhaust Grounds I and II through an application for post-conviction relief. His options for proceeding with this action are to (1) dismiss the action without prejudice in its entirety with the understanding that a second habeas petition could be barred by the statute of limitations, (2) dismiss his unexhausted claims and continue with his exhausted claims, or (3) continue this case with all claims, with the knowledge that the court will dismiss this action for failure to exhaust all state court remedies.

Petitioner is granted twenty-one (21) days to advise the court of the direction he intends to follow by filing **one** of the following: (1) a motion to dismiss this action in its entirety without prejudice, (2) a motion to dismiss his unexhausted claims, or (3) a notice that he intends to continue the petition with both exhausted and unexhausted claims. Failure to respond as directed by the court in this order will result in dismissal of this entire action.

**ACCORDINGLY,** the respondent's motion to dismiss (Docket No. 7) is DENIED,

and petitioner is directed to advise the court of his intentions for proceeding in this case within twenty-one (21) days by filing an appropriate pleading as directed by the court. The respondent is granted thirty (30) days to file a response or appropriate motion.

    IT IS SO ORDERED this 19th day of April, 2013.

Frank H. Seay
United States District Judge