# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **LAWRENCE G. STEWART,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    **Case No. CIV 12-321-FHS-KEW** |
| | ) |
| **JASON BRYANT, Warden,** | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at James Crabtree Correctional Facility in Helena, Oklahoma, attacks his convictions and sentences in Pontotoc County District Court Case No. CF-2009-049 for two counts of Lewd Molestation (Counts 1 and 2), First Degree Rape by Instrumentation (Count 3), Forcible Oral Sodomy (Count 4), and First Degree Rape (Count 6). In response to the court's order denying the respondent's motion to dismiss the petition for failure to exhaust state court remedies (Dkt. 10), petitioner dismissed his unexhausted habeas claims in Grounds I and II of the petition and elected to proceed only with the exhausted claims in Grounds III and IV (Dkt. 11):

> Ground III: Trial counsel was ineffective in failing to elicit testimony during cross-examination that petitioner was not interviewed because counsel had advised him not to speak to the authorities without counsel present.
>
> Ground IV: Trial counsel was ineffective in eliciting from petitioner testimony about his prior bad acts.

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus

relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner alleges trial counsel disclosed to the jury that he had refused to talk to the

police about the charges, thereby commenting on petitioner's right to remain silent. In

addition, trial counsel elicited testimony from petitioner about his criminal history. On direct

appeal the Oklahoma Court of Criminal Appeal denied relief as follows:

> . . . Appellant claims his trial counsel was ineffective for disclosing to the jury, during Appellant's direct examination, (1) Appellant's criminal history (all of which he claims was inadmissible for impeachment purposes) and (2) Appellant's refusal to talk to police about the charges (thereby commenting on Appellant's exercise of his constitutional right to silence). In evaluating counsel's performance, we presume that counsel was competent and that his strategic choices were reasonable ones. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Sellers v. State*, 889 P.2d 895, 898 (Okla. Crim. App. 1995). Revealing the defendant's criminal history can be a sound trial strategy, even when the admissibility of some of it is questionable. *See Lamb v. State*, 756 P.2d 1236, 1238 (1998); *Stover v. State*, 674 P.2d 566, 568 (1984). And a defendant's post-arrest silence is inadmissible only if it is clearly the product of specific warnings about the right to silence - a fact that is absent from this record. *Guy v. State*, 778 P.2d 470, 474 (1989); *Fletcher v. Weir*, 455 U.S. 603, 607 (1982). Trial counsel's performance is not judged by whether another attorney might have made different strategic choices. *Stover*, 674 P.2d at 568. We cannot say that trial counsel's strategic decisions were so inappropriate as to undermine confidence in the outcome of Appellant's trial. *Strickland*, 466 U.S. at 694; *Phillips v. State*, 989 P.2d 1017, 1049 (Okla. Crim. App. 1999).

*Stewart v. State*, No. F-2010-615, slip op. at 2-3 (Okla. Crim. App. Sept. 1, 2011) (Dkt. 12-3). The respondent alleges the decision on petitioner's claims by the Oklahoma Court of Criminal Appeals (OCCA) that petitioner was not denied effective assistance of trial counsel was not contrary to, or an unreasonable application of federal law under 28 U.S.C. § 2254(d).

"There is a strong presumption that counsel provided effective assistance of counsel, and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). To prevail on his claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance fell below an objective standard of reasonableness, *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id*. at 694.

> To prove that his counsel's performance was deficient, [petitioner] must show that his counsel "committed serious errors in light of prevailing professional norms such that his legal representation fell below an objective standard of reasonableness." *Duvall v. Reynolds*, 139 F.3d 768, 776-77 (10th Cir.) (internal quotations omitted), *cert. denied*, 525 U.S. 933 (1998). [Petitioner] "must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy." *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 689), *cert. denied*, 526 U.S. 1025 (1999). . . .

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

The Supreme Court has since expanded the application of *Strickland* in habeas corpus proceedings:

> The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard. Were that the

inquiry, the analysis would be no different than if, for example, this Court were adjudicating a *Strickland* claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000). A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself.

*Harrington v. Richter*, 562 U.S. 86, 101 (2011) (emphasis in original).

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Richter*, 562 U.S. at 778 (internal citations and quotation marks omitted).

Petitioner's claim in Ground III alleges trial counsel was ineffective in questioning him about his being interviewed by the police:

Q. When were you arrested?

A. I want to say about the 16th of February.

Q. You went to jail?

A. Yes, sir.

Q. Were you interviewed by the police?

A: No.

Q. Did you at some point make bond on those--on the charges?

A. Yes.

(Tr. II, 354; Dkt. 13-4 at 76).

Petitioner argues that the question about being interviewed elicited damaging cross-examination by the prosecutor about his post-arrest silence:

> Q. Okay. Now, I'm going to jump just a little bit because you had said something. I want to make sure we get that corrected. Mr. Smith asked you if you had been interviewed by the police. Do you recall that?
>
> A. Yeah, I recall that. I hadn't--I hadn't been interviewed. They wanted to do an interview with me and I refused it.
>
> Q. All right. That's what I want to ask you about. In fact, Kathi Johnston came to you and told you she'd like to interview you?
>
> A. Well, with the DHS worker.
>
> > MR. SMITH: May I approach? May I approach?
> >
> > THE COURT: Yes
> >
> > (At bench, out of hearing of the jury:)
> >
> > MR. SMITH: The prosecutor is getting into my client's right to remain silent and his right to decline interview.
> >
> > MR. TILLISON: Judge, he opened the door and left an impression with this jury that the police never came to interview him by asking him on direct examination, Were you interviewed by the police. It's unfair to allow him to open that door and not allow us to offer evidence that I think was made.
> >
> > THE COURT: Well, I think you can--you can ask him and just leave it at that.
> >
> > MR. TILLISON: That's all I intended to do.
> > (Within hearing of the jury:)
>
> Q. (BY MR. TILLISON): Let me re-ask that question, Mr. Stewart. Kathi Johnston came to you and told you she would like to interview you, didn't she?

A.     Yes, she did.

Q.     At that time you declined?

A.     Yes, I did.

(Tr. II, 367-68; Dkt. 13-4 at 89-90).

Petitioner claims that trial counsel's question elicited a comment on petitioner's right to remain silent. The OCCA acknowledged that post-arrest silence is inadmissible only if it is clearly the product of specific warnings about the right to silence, which did not occur in this case. *Stewart*, No. F-2010-615, slip op. at 3 (citing *Fletcher v. Weir*, 455 U.S. at 607). *Fletcher* held that it is improper to elicit silence "where the government ha[s] induced silence by implicitly assuring the defendant that his silence would not be used against him." *Id.* at 606. Here, there was no governmental action inducing the silence, so there was no inadmissible comment on the silence. Defense counsel's decision to inquire about whether petitioner was interviewed, and then showing that petitioner did not tell the police anything different from his trial testimony, was a valid strategy for which counsel cannot be deemed ineffective.

Regarding Ground IV of the petition, which asserts trial counsel should not have revealed petitioner's criminal history to the jury, the OCCA found such questioning can be a sound trial strategy, "even when the admissibility of some of it is questionable." *Stewart*, No. F-2010-615, slip op. at 2. On direct examination, defense counsel asked petitioner if he had been in trouble before, and petitioner replied he had "a DUI misdemeanor, Possession of Marijuana, Domestic Abuse, [and] Burglary." (Tr. II, 337) (Dkt. 4 at 3). The burglary had been approximately 13 to 14 years earlier, and the domestic abuse against his ex-wife had been ten years earlier. *Id.* Petitioner further testified he had no victim protection order

6

violations. *Id.* At the end of direct examination, defense counsel asked petitioner:

> Q. Mr. Stewart, you are not--you're not in any way a perfect human being, are you?
>
> A. No.
>
> Q. You've had a lot of run-ins with the law, right?
>
> A. Yes, sir.
>
> Q. Are you a child molester?
>
> A. No.
>
> MR. SMITH: That's all I have.

(Tr. II, 357) (Dkt. 12-4 at 5).

> During closing arguments, defense counsel argued:
>
> He chose to get before you. Sure he was scared. He chose to reveal to you that he's been in trouble before, all knowing that--every moment that he was up there knowing that he didn't have any burden of proof. He didn't have to take the stand. But he did anyway.

(Tr. II, 460) (Dkt. 4 at 6).

The respondent argues that petitioner's defense was that he was not a child molester, and the allegations were untrue. Having petitioner admit his past trouble with the law was defense counsel's strategy to bolster petitioner's credibility and show he was willing to take responsibility for his past acts.

The Tenth Circuit Court of Appeals has held that an unsuccessful trial strategy is not grounds for finding counsel was ineffective. *Turrentine v. Mullin*, 390 F.3d 1181, 1205 (10th Cir. 2004). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Here, the court finds

petitioner has failed to show that without defense counsel's questioning, the result of the trial would have been different. *See id.* The court further finds the OCCA's determination of the petitioner's claims in Ground III and Ground IV was not contrary to, or an unreasonable application of federal law, and the OCCA's decision was not based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). Therefore, the amended petition must be denied.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 13th day of August, 2015.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**